UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:12-cr-00133-SEB-TAB |
| ) | |
| JOHN RAYMOND SMITH, ) -07 | |
| ) | |
| Defendant. ) | |

# ORDER

Pending before the Court is John Smith's motion for compassionate release, dkt. 1934, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Mr. Smith asks the Court to reduce his sentence of imprisonment to time served. For the reasons explained below, Mr. Smith's motion is **DENIED.**

## I.
### BACKGROUND

Mr. Smith pled guilty on July 18, 2014, to conspiring to possess with intent to distribute, and to distribute, 50 grams or more of methamphetamine. Dkts. 1176, 1344. On October 27, 2014, the Court sentenced Mr. Smith to a prison term of 144 months. Dkts. 1344, 1773.

Mr. Smith is now 46 years old and in custody of the Bureau of Prisons (BOP) at Federal Correctional Institution (FCI) Forrest City Low. Dkt. 1934-8. As of September 23, 2020, the BOP reports that FCI Forrest City Low has 2 active cases of COVID-19 among inmates and houses 662 inmates who have recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2020). The BOP projects that Mr. Smith will be released in January 2024. *Id.*

Mr. Smith seeks compassionate release on the premise that two medical conditions—asthma and hypertension—leave him especially vulnerable to COVID-19. The Centers for Disease Control and Prevention (CDC) report that people with asthma and hypertension "might be at an increased risk for severe illness from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 22, 2020).

The medical records before the Court do not document that any physician has ever diagnosed Mr. Smith with asthma or hypertension.

A treatment note from May 13, 2020, documents that Mr. Smith requested to be provided with an inhaler and stated that he was previously diagnosed with asthma. Dkt. 1934-1 at 5. However, he did not report asthma symptoms such as shortness of breath, wheezing, or coughing at night. *Id.* The physician's assistant who examined Mr. Smith did not diagnose him with asthma or provide the inhaler requested. *Id.* at 6.

Mr. Smith also presents records showing that his blood pressure was consistent with stage 1 hypertension on two occasions in March and May of 2020. *See* dkt. 1934-1 at 5, 9; dkt. 1934-6. However, no medical records document a hypertension diagnosis, and a physician ordinarily would not diagnose a patient with hypertension based on two readings. *See* Mayo Clinic, *High blood pressure—Diagnosis and treatment*, https://www.mayoclinic.org/diseases-conditions/high-blood-pressure/diagnosis-treatment/drc-20373417 (last visited Sept. 22, 2020) ("Your doctor will likely take two to three blood pressure readings each at three or more separate appointments before diagnosing you with high blood pressure. This is because blood pressure normally varies throughout the day, and it may be elevated during visits to the doctor (white coat hypertension).").

Mr. Smith's pre-sentence investigation report documents several injuries and medical conditions, but it does not document a diagnosis (or even symptoms) of asthma or hypertension. Dkt. 1262 at ¶ 67.

## II.
### LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable." However, the Court may do so only "if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in U.S.S.G. § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction.

---

[1] Until December 21, 2018, only the U.S. Bureau of Prisons (BOP) could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

3

*E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)–(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[2] There is no

---

[2] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it

dispute that, if Mr. Smith qualifies for compassionate release, he does so under the catchall provision.

### III.
### ANALYSIS

Mr. Smith's motion relies on the assertion that he is afflicted with asthma and hypertension. But he has not supported that assertion with evidence.

Mr. Smith's medical records do not document that he has asthma. Rather, they document that he told a medical professional that he was once diagnosed with asthma. Dkt. 1934-1 at 5. When she examined him, he did not report experiencing any asthma symptoms. *Id.* No evidence documents a previous asthma diagnosis, and the results of his most recent examination indicate he is not currently suffering from asthma.

Similarly, Mr. Smith's records show two high blood pressure readings—not a diagnosis of hypertension. *See* dkt. 1934-1 at 5, 9; dkt. 1934-6. Mr. Smith has been in BOP custody for six years. The Court infers that, if Mr. Smith had diagnosed hypertension—or even a broader history of high blood pressure readings suggesting undiagnosed hypertension—he would have medical records to show it.

---

is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Smith's motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

Without evidence of asthma or hypertension, the Court finds that Mr. Smith's risk of experiencing seriousness illness if he is infected with COVID-19 is not materially different from the risk the prison population at large faces. That risk is therefore neither extraordinary among prisoners nor a compelling basis for release. *See, e.g.*, *United States v. Madison*, No. 1:17-cr-222-JMS-TAB-22, Dkt. 1371 (S.D. Ind. Sept. 10, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

## IV.
## Conclusion

Mr. Smith's motion for compassionate release, dkt. [1934], is **denied**.

**IT IS SO ORDERED.**

Date:   9/29/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record